# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 8, 2020

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *
CHARYL WOJTASZEK,                      *       No. 17-1928V
                                       *       Special Master Sanders
              Petitioner,              *
                                       *       UNPUBLISHED
v.                                     *
                                       *
SECRETARY OF HEALTH                    *       Attorneys' Fees and Costs
AND HUMAN SERVICES,                    *
                                       *
              Respondent.              *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

Leah V. Durant, Law Offices of Leah V. Durant, PLLC, Washington, D.C., for Petitioner;
Christine M. Becer, United States Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On December 12, 2017, Charyl Wojtaszek ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012); Pet. at 1, ECF No. 1. Petitioner alleged that the influenza ("flu") vaccine she received on November 5, 2016, caused her to develop a shoulder injury related to vaccine administration ("SIRVA"). *See* Stip. at 1, ECF No. 32; Pet. at 1. On November 26, 2019, the parties filed a stipulation for award, which the undersigned adopted as her decision awarding compensation that same day. ECF No. 33.

On June 12, 2020, Petitioner filed a motion for attorneys' fees and costs. ECF No. 38 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $30,863.31, representing $28,660.70 in attorneys' fees and $2,202.61 in attorneys' costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner has indicated that she has not incurred any out of pocket costs. *Id.* at 2.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

Respondent responded to the motion on June 17, 2020, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 104. Petitioner filed her reply on June 18, 2020, requesting "the Court award petitioner all fees and costs requested in petitioner's application." ECF No. 40.

This matter is now ripe for consideration.

## I.     Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.     Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at \*19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[2]

---

[2] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

Petitioner requests the following hourly rates for the work of her counsel, Ms. Leah Durant: $365.00 per hour for work performed in 2017, $377 per hour for work performed in 2018, $380.00 per hour for work performed in 2019, and $395.00 per hour for work performed in 2020. Fees App. Ex. 1 at 1-10. These hourly rates are consistent with what Ms. Durant and her paralegals have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein.

### b. Reasonable Number of Hours

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. Accordingly, Petitioner is entitled to a final award of attorneys' fees in the amount of $28,660.70.

### c. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $2,202.61 in attorneys' costs for medical records, shipping costs and expert fees. Fees App. Ex. 2 at 2. Petitioner has provided adequate documentation of all these expenses and they appear reasonable. Petitioner is therefore awarded the full amount of costs sought.

### II.    Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. The undersigned hereby awards **a lump sum of $30,863.31, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Ms. Leah V. Durant, Esq.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.